IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID CHAPMAN,

      Plaintiff,

v.                                                    Case No.  23-1263-JWB

AMAZON.COM SERVICES, LLC,

      Defendant.

**ORDER**

This matter is before the court on Defendant's motion for summary judgment. (Doc. 33.) The motion is fully briefed and ripe for decision. (Docs. 34, 40, 41.) Plaintiff claims that Defendant terminated his employment because of his race (black) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. (Doc. 31 at 10.) Defendant has now moved for summary judgment on Plaintiff's claims. (Doc. 33.) After carefully reviewing the record, it is clear that there are genuine disputes of material fact as to Plaintiff's claims. The evidence shows that Defendant has set forth a legitimate, nondiscriminatory reason for its decision to terminate Plaintiff's employment—that Plaintiff violated Amazon's Standards of Conduct by threatening Donnell Nunn, a white co-worker, that Plaintiff would punch him. Plaintiff, however, has cast sufficient doubt on Defendant's justifications, including that Amazon failed to discipline white employees for violations of Amazon's policies involved in the incidents and that Amazon failed to review and disposed of Plaintiff's complaint of a threat during a second incident on the same day.

The altercation between Plaintiff and Nunn began, according to Plaintiff's evidence, when Nunn swung his arm towards Plaintiff over a dispute regarding carts at an Amazon warehouse.

1

Nunn then approached Plaintiff. During Plaintiff and Nunn's ensuing verbal discussion, another co-worker, Jaden Hardyway (black) intervened and placed his hand on Nunn. Viewing the evidence in a light most favorable to Plaintiff, Nunn slapped Hardyway's hand, which was a violation of the same policy that Plaintiff had violated with his verbal threat. Another white co-worker, Danny McDaniel, was present during this first incident. Plaintiff has also put forth evidence that McDaniel confronted Plaintiff in a threatening manner later the same day. The day after the incident, Plaintiff delivered a letter to Amazon and requested that Amazon preserve the video of both incidents. Plaintiff's written letter was shredded by Amazon staff upon direction of Cassondra Redmond, the individual who made the decision to terminate Plaintiff, and the video of the second incident was not preserved. Further, Hardyway (black employee) was verbally counseled for placing his hand on Nunn during the first incident. Plaintiff was terminated less than a week after the incident. Redmond did not discipline Nunn or McDaniel (the white employees) even though there was evidence (viewed in a light most favorable to Plaintiff) that they also violated Amazon policies.

The court finds that the evidence put forth by Plaintiff is sufficient to show that Amazon's proffered explanation for Plaintiff's termination could be pretextual. Therefore, Plaintiff's claims are for the jury to decide.

Defendant's motion for summary judgment (Doc. 33) is accordingly DENIED.

IT IS SO ORDERED. Dated this 24th day of September 2024.

                                          s/ John W. Broomes
                                          JOHN W. BROOMES
                                          UNITED STATES DISTRICT JUDGE